TEXAS–MEXICAN RY. CO. v. RIO GRANDE
& E. P. RY. CO.     (No. 2810.)

(Supreme Court of Texas.     May 11, 1921.)

1. Carriers ⊕⇒12(2)—Commission's order dividing through rate on shipment of terminal carrier's coal over its own and initial carrier's lines held valid.

Where the Railroad Commission established a joint through rate from one point to another, and where the terminal carrier purchased coal at the point of commencement for shipment between such points without an agreement with initial carrier as to division of the through rate, the commission's order, dividing the through rate for shipment of such coal in proportion to the local rates of the carriers, *held* valid, as against contention that terminal railroad was not entitled to a revenue prorate for hauling its own coal over its own line.

2. Carriers ⊕⇒12(2) — Terminal carrier not entitled to switching charges on its coal billed for through shipment, but stopped at intermediate point without notice to initial carrier.

Where Railroad Commission established a joint through rate between two points, and where terminal carrier purchased coal at point of commencement and billed coal for shipment to such other point, it was not entitled to switching charges on cars stopped by it at the intermediate point where initial carrier's line terminated and its own line commenced, without informing initial carrier as to the cars so stopped and the number or identity thereof.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by the Texas-Mexican Railway Company against the Rio Grande & Eagle Pass Railway Company. Judgment for plaintiff was reversed, and judgment rendered for defendant by the Court of Civil Appeals (173 S. W. 236), and plaintiff brings error. Reversed in part and affirmed in part.

Greer & Hamilton, of Laredo, for plaintiff in error.

A. Winslow, of Laredo, and N. A. Rector, of Austin, for defendant in error.

PIERSON, J.     Defendant in error, Rio Grande & Eagle Pass Railway Company, owns and operates a line of railway from Minera to Laredo, where it connects with the Texas-Mexican Railway Company, running eastward through Pescadito to Corpus Christi. Prior to the transactions out of which this suit arose, the Railroad Commission of Texas had established a joint through rate of 80 cents per ton on coal from Minera to Pescadito moving over the lines of plaintiff in error and the Texas-Mexican Railway Company. The local rates on the same commodity for the two roads were, for de-

fendant in error, from Minera to Laredo 65 cents per ton, and for the Texas-Mexican Railway Company from Laredo to Pescadito 55 cents per ton. The Texas-Mexican Railway Company was the purchaser of coal at the mines at Minera on defendant in error's line, and billed and shipped same over defendant in error's line and its own via Laredo to Pescadito. The two roads had no agreement as to the division of the through rate, and the controversy arose between them as to the division thereof. In order to determine the controversy the Texas-Mexican Railway Company submitted the matter of the proper division of said rate to the Railroad Commission of Texas for its decision, and in its application to that body set out eight certain carload shipments of coal, which were shipped on through bills of lading from Minera to Pescadito, and that afterwards said shipments were distributed by it to certain points on its line; and, after setting out in detail the facts relating thereto, it concluded its application to the Commission in the following language:

"The Texas-Mexican Railway Company desires a ruling from your honorable body whether it is entitled to a division of the through rate upon company coal shipped from Minera, Texas, and which coal actually moves to Pescadito,. Texas, and we would be pleased to have this ruling cover all shipments of company coal moving from Minera, Texas, to Pescadito, Texas."

After a hearing the Commission entered the following order relating thereto:

"It is now, hereby, ordered by the Railroad Commission of Texas, that the revenue, accruing under the freight rates applicable for the transportation of the shipments in question, the same being carload shipments of soft coal from Minera, Texas, to Pescadito, Texas, shall be divided between the carriers, participating in the haul thereof, in proportion to the local rates of said Companies actually applying to and from the point of interchange, being Laredo, Texas, through which the shipments actually moved; the local rates to be used as factors, being as follows:

"For the Rio Grande & Eagle Pass Ry. Co. sixty-five (65) cents per ton. .

"For the Texas-Mexican Ry. Co. fifty-five (55) cents per ton."

About October 29, 1912, the defendant in error began requiring the San Tomas Coal Company, which was acting as agent for plaintiff in error in the shipment of its coal to Pescadito, to prepay the 80 cents through rate charges between the two points, and continued thereafter to so require freight charges to be paid in advance. Plaintiff in error brought this suit against defendant in error in the district court of Webb county, alleging that the total tonnage for the 17 months, beginning October 29, 1912, and ending March 1, 1914, was 18,286.22, on which it

paid to defendant in error the gross sum of $14,616.60 at the rate of 80 cents per ton; and that under the division as provided by the Railroad Commission's order it would be entitled to a prorate amounting to 36.7 cents per ton. It sought to recover the 36.7 cents on all coal actually hauled to Pescadito, $2 per car switching charges on those cars stopped at Laredo, and 15 cents per ton on the prepaid freight on the cars stopped at Laredo. Defendant in error contested the validity of the Railroad Commission's order No. 1427, contending that a railroad is not entitled to a revenue prorate for hauling its own coal over its own line. It admitted that it owed plaintiff in error 15 cents per ton on the prepaid shipments stopped at Laredo. It further alleged and charged that said billings to Pescadito were fraudulently made by plaintiff in error for the purpose of getting a prorate that it was not entitled to receive, and in substance that the hauling to Pescadito was a mere subterfuge to avoid defendant in error's local rate of 65 cents per ton on coal from Minera to Laredo; that plaintiff in error was not entitled to switching charges on the cars stopped at Laredo, and that said cars had been stopped at Laredo without giving notice to it of said stoppage or of any rebilling, and plaintiff in error had failed and refused to give any information to defendant in error as to any cars stopped at Laredo. It further alleged that if the Railroad Commission's order is held valid, it applies only to the eight cars of coal specially mentioned in plaintiff in error's application to the Railroad Commission and to all similar shipments from Minera on through shipment to Pescadito made subsequent to the promulgation and notice of said order.

All of the cars, 482 in number, were billed through to Pescadito, but only 271 were actually hauled through to Pescadito, and 211 were stopped at Laredo. The district court held the Railroad Commission's order valid, and gave judgment for plaintiff in error for a full prorate on all shipments hauled to Pescadito; for the 15 cents per ton on prepaid freight on cars stopped at Laredo, and for $2 switching charges on cars stopped at Laredo. The Court of Civil Appeals for the Fourth District reversed the judgment of the district court and rendered judgment for defendant in error, except as to the 15 cents per ton on prepaid freight charges on cars stopped at Laredo, for which it gave judgment for plaintiff in error.

[1] The first question that presents itself is the validity of the Commission's order No. 1427. This court in Cause No. 2811, Railroad Commission of Texas v. Rio Grande & Eagle Pass Railway Co., 230 S. W. 974, opinion delivered May 4, 1921, involving the immediate controversy herein, has held said order valid in all respects and applicable to company coal. Upon the authority of that opinion the

judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed as to the division prorate on the 271 cars hauled through to Pescadito.

Defendant in error admitted that it is liable to plaintiff in error for the 15 cents per ton on the prepaid freight on cars stopped at Laredo, and therefore the judgments of the Court of Civil Appeals and of the district court in that respect are affirmed.

It is earnestly urged by defendant in error that said order No. 1427 of the Commission is retroactive except as to the eight cars of coal shipped prior to the date of the order, and therefore unconstitutional and void as to them.

Defendant in error does not contend that the order is retroactive as to the eight cars, but only as to all those except the eight cars shipped prior to its date. If it is not retroactive as to the eight cars, it is not retroactive as to any.

This order of the Commission is only applying and putting into practical effect its order establishing the through rate. A division thereof where the carriers fail to agree upon same is incident to and an application of the other rate theretofore made by the Commission. In the absence of the Commission's order the court would decree the reasonable division of the through rate, not only as to the eight cars, but also as to all shipments in controversy between the parties. It is clear that the Commission's order dividing the through rate in proportion to the local rates is the reasonable one and the one the court would make, and the result in the instant case would be the same.

Plaintiff in error, Texas-Mexican Railway Company, contends that it is entitled to receive from defendant in error switching charges at Laredo, $2 per car on 209 of the cars that were stopped there, for conveying said cars from the transfer track to its coal bins and shops.

[2] Plaintiff in error billed all its shipments of coal, 482 cars, on through billing from Minera to Pescadito, the shipment extending over a lengthy period of time. Without notifying defendant in error of its purpose to do so, or of its having done so, it stopped its said shipments at Laredo, receiving the said cars on the transfer track. Thereafter it failed and refused to notify or inform defendant in error as to the cars so stopped at Laredo, the number of cars or their identity. It must be held to have received the cars as through shipments and to have voluntarily transferred them to its coal bins and shops, irrespective of its rights as a shipper to stop its shipments in transit by giving notice. We conclude that plaintiff in error is not entitled to recover the switching charges.

The judgment of the Court of Civil Appeals is reversed, except as to the switching charges and the 15 cents per ton on prepaid

freight charges on cars stopped at Laredo, and the judgment of the district court is reformed as to the sum of $418 switching charges, which is here rendered in favor of defendant in error. In all other respects the judgment of the district court is affirmed.

The costs of the Court of Civil Appeals are awarded against plaintiff in error, and the costs of this court against defendant in error.